# RE McNEIL.

---

PATENTS; PATENTABILITY; NOVELTY; PROCESS.

A patent for a strap or belt loop of textile fabric, which differs from one already patented (Gaisman Patent No. 661,447, Nov. 6, 1900) only in the manner in which it is sewed, must be denied where the

claim is not for the process, but for the completed article, since an article which is an improvement over the prior art is not patentable unless it is a new product, differing from those which preceded it, not merely in usefulness or excellence, but in kind. (Citing *Re Higgins*, 40 App. D. C. 29.)

No. 898.   Patent Appeal.   Submitted January 19, 1914.   Decided February 2, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting a claim for a patent.            *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles L. Sturtevant* and *Mr. Eugene G. Mason* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Commissioner of Patents refusing appellant's claim covering a strap composed of fabric, as an article of manufacture, the ground of the rejection being lack of novelty.   Said claim reads as follows:

"A strap composed of a strip of fabric having its side portions initially folded back against the central or body portion, and a single seam securing the side portions to the central portion and to one another, including loops of thread passing through one of said folded side portions, entering the central body portion of the strap, and passing through the other folded side portion, and cross threads extending across between the edges of the folded side portions and secured by said loops."

The strap above described is really a belt loop made from a piece of fabric twice the width of the finished loop.   The edges of the fabric are folded over so as to abut one another in the center of the fabric.   These edges are then stitched together and to the body of the fabric in the manner described in the

claim. The patent to Gaisman, No. 661,447, Nov. 6, 1900, shows a completed strap section that differs from that of appellant's merely in the manner in which it is sewed. The overlapped edges are bound together by a line of zig-zag stitching, which, however, does not pass into the body portion of the belt. This necessitates either a row of stitching near each edge of the belt, or the use of an adhesive. Admittedly, the stitches which appellant has employed are old, as shown by the patent to Feful, No. 826,094, July 17, 1906, and the patent to Onderdonk, No. 721,077, Feb. 17, 1903. It is apparent, therefore, that appellant, by recourse to the Feful and Onderdonk patents, has improved upon the method of making the Gaisman belt; and if his application was confined to this improved process he might be entitled to consideration. But his claim is not for a process, but for a finished article of manufacture. To entitle him to a patent for such an article, it must appear that he has added a new product to this art, differing from those that preceded it, not merely in degree of usefulness or excellence, but in kind. *Smith* v. *Goodyear Dental Vulcanite Co.* 93 U. S. 486, 23 L. ed. 952. To illustrate: When linoleum was produced, it differed in kind or species from anything that had gone before. It was distinctly a new product of manufacture, and the one who produced it was entitled not only to a patent for his new process, but to a patent for the new article produced in the manner described. In the case of *Re Higgins,* 40 App. D. C. 29, we denied a patent to one who had conceived the idea of making a one-piece cast boiler header of wrought metal. A single-plate metal boiler header without seam or weld was old, and the applicant had merely perfected a process and devised machinery that would enable him to duplicate the cast metal header in wrought metal. Here appellant has done nothing more, in our view, than evolve a better process for producing an old thing. The new process clearly does not make new that which was old.

The decision is affirmed. *Affirmed.*